# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| STATE OF TEXAS, | § <br> § CAUSE NO. 3:23-CR-2080-FM <br> § <br> § State Ct. Cause No. 20020D00230 <br> § 327th District Court, El Paso County, Texas <br> § <br> § <br> § CAPITAL CASE <br> § **EXECUTION SCHEDULED FOR <br> § NOV. 16, 2023** <br> § <br> § |
| Plaintiff, | |
| v. | |
| DAVID SANTIAGO RENTERIA, | |
| Defendant. | |

## MOTION TO RECONSIDER AND VACATE ORDER OF REMAND

David Renteria respectfully moves this Court to reconsider and vacate its order of remand, issued October 20, 2023. As explained below, the Court's order is based on manifest errors of law and fact. In particular, the Court erred in relying on dicta from *State of Ga. v. Rachel*, 384 U.S. 780 (1966), that was superseded by a law Congress enacted eleven years later, Pub. L. 95-78, § 3, July 30, 1977, 91 Stat. 321, and upon which Mr. Renteria specifically relied. Before that error, this Court correctly found Mr. Renteria's notice facially sufficient and ordered the hearing required by 28 U.S.C. § 1455(b)(5). Mr. Renteria requests the Court vacate its order of remand, instruct the Clerk of Court to re-open this case, and reinstate the proceedings as they were before the Court ordered this case remanded.

1. **Background**

On October 18, 2023, David Renteria, a prisoner on Texas's death row, filed a notice to remove the state-court proceedings against him to this Court pursuant to 28 U.S.C. § 1443(1) and § 1455. Mr. Renteria asserted that a new basis for removal had accrued from the Texas Court of Criminal Appeals' (TCCA's) recent ruling that Mr. Renteria's trial court had "'no freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment Rights.'" Notice of Removal ("Notice") at 14 (quoting *In re State of Texas ex rel. Hicks*, No. WR-95,092-01 (Tex. Crim. App. Sep. 18, 2023) ("*In re Hicks*")) (Notice Ex. E). The TCCA invalidated the decision of the 327th District Court of El Paso County that no execution date should have been ordered because the "State's disparate treatment of Defendant … prejudiced his ability to investigate potential grounds for relief from the courts and clemency authorities." Order, *State v. Renteria*, No. 20020D00230 (Tex. 327th Dist. Ct. Aug. 29, 2023) (Notice Ex. B at 3). The trial court was reconsidering its second of two execution orders, both of which were entered in response to the State's motions brought in the same cause of action as the indictment and judgment.

This Court acted with great dispatch and reviewed Mr. Renteria's Notice of Removal. The Court apparently and correctly found Mr. Renteria's notice facially sufficient as required by § 1455(b)(4), set a hearing date as required by § 1455(b)(5), and issued its writ of habeas corpus as required by § 1455(c).

The following day, Texas filed a Motion for Summary Remand, omitting the text of the state courts' decisions, and barely acknowledging this Court's prior order implicitly (at least) rejecting summary remand. ECF No. 5.

Approximately an hour-and-a-half later, and before Mr. Renteria could digest or respond to the State's Motion, the Court effectively reversed its prior orders *sua sponte* and summarily remanded the case to the state courts on the basis of *Rachel*, a case Texas did not mention.

Mr. Renteria now asks this Court to reconsider that decision in light of the current law that supersedes the statute referenced in *Rachel*.

**2. Standard for Reconsideration**

"[C]ourts may apply the standards set forth in the Federal Rules of Civil Procedure—including the standards set forth in Rule 59(e)—for motions to reconsider in criminal cases." *Urbina v. United States*, No. EP-13-CR-800-DB, 2019 WL 5485028, at *1 (W.D. Tex. July 2, 2019) (citations omitted). *See also United States v. Garrett*, 15 F.4th 335, 339 n.4 (5th Cir. 2021). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations omitted).

"A court has considerable discretion in determining whether to reopen a case in response to a motion for reconsideration under Rule 59(e)." *Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 853 (S.D. Tex. 2011). But the remedy

is appropriate when the movant shows, as Mr. Renteria does here, that "'it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.'" *Ibid*. (quoting *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

### 3. Grounds: Manifest Errors of Law

Reconsideration is appropriate in light of two manifest and prejudicial errors: (1) this Court relied on a comment from *State of Ga. v. Rachel*, 384 U.S. 780 (1966), about the governing statute that Congress later expanded with the provision Mr. Renteria relied upon; (2) the order misstated the factual and legal basis on which Mr. Renteria removed the case.

#### a. *Rachel*'s comment on post-judgment removals is obsolete.

The Court ruled that "Renteria now seeks post-judgment removal of his criminal case, which is not permitted." Order at 2 (citing *Rachel*, 384 U.S. at 795). The Court exclusively relied on *Rachel*'s statement that "Congress eliminated post-judgment removal when it enacted … the Revised Statutes in 1874."[1] *Ibid*. Whether

---

[1] The *Rachel* defendants sought to remove state-court "criminal trespass prosecutions pending against them" in Fulton County, Georgia. 384 U.S. at 782. In addition, the *Rachel* defendants prevailed in establishing that if their factual bases for seeking a federal forum proved true, their "right to removal under [the federal removal statute] will be clear." *Id*. at 805. Because the underlying state-court action had not proceeded to judgment, and the defendants prevailed in the Supreme Court, the Supreme Court's comment on post-judgment removals was simply that – "a mere 'judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.'" *In re Hearn*, 376 F.3d 447, 453 (5th Cir. 2004), decision clarified on denial of reh'g, 389 F.3d 122 (5th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 1100 (7th ed. 1999) (defining "obiter dictum")).

4

Congress enacted anything in the Revised Statutes of 1874 is a subject of debate among scholars and jurists.[2] But that debate need not occupy this Court because *Rachel* was referring to the removal statute that existed in 1966.

In 1977, Congress amended the Removal Act by adding the provision now codified in 28 U.S.C. § 1455(b)(1). Pub. L. 95-78, § 3, July 30, 1977, 91 Stat. 321 (appended hereto as Ex. A). That law added to § 1446(c)(1) of the Judicial Code the language Mr. Renteria relies upon here: a notice of removal must be filed within thirty days of arraignment in state court or at any time before trial, whichever is earlier – "*except* that *for good cause* shown the United States district court may enter an order granting the defendant or defendants leave to file the notice *at a later time*." 28 U.S.C. § 1455(b)(1) (emphasis added). In 2011, Congress moved that language to its current location in the Code. Pub. L. 112-63, Title I, § 103(c), Dec. 7, 2011, 125 Stat. 761 (appended hereto as Ex. B).

Scholars and commentators recognized that the new provision appeared to "breathe new life into § 1433 by allowing for post-judgment removal in criminal cases when the results of the state judicial proceedings have established that the claimed right was in fact denied or could not be enforced." Richard H. Fallon *et al.*, *Hart and*

---

[2] *See Rogers v. Jarrett*, 63 F.4th 971, 980-981 (5th Cir. 2023) (Willett, J., concurring). The Revised Statutes of 1874 were not themselves duly enacted laws, only descriptions of them, and therefore constitute only "prima facie" evidence of the law. 1 U.S.C. § 204(a); *Stephan v. United States*, 319 U.S. 423, 426 (1943) (per curiam); Tobias Dorsey, *On Not Reading Statutes*, 10 Green Bag 2d 283. Whether the Reviser's text was intended to override the Removal Act's allowance for a post-judgment remedy is a question of judicial construction, at most. *See United States v. Claflin*, 97 U.S. 546, 548-549 (1878).

5

*Wechsler's The Federal Courts and the Federal System* 961 (4th ed. 1996). The Fifth Circuit also took note of the change. *See Butler v. King*, 781 F.2d 486, 487 (5th Cir. 1986) (noting district court's reliance on the "1977 amendment to § 1446" that added § 1446(c)(1)).

"The controlling principle in this case is the basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992). As currently written, § 1455(b)(1) permits removal "at a later time" than the pretrial periods that are also specified in the same provision. That open-ended phrase appears without any language that limits it to actions that are still in a pre-judgment posture. Removal of a criminal case after judgment—but before the execution of the sentence—naturally falls within the statute's broad phrasing.

The only limiting language Congress enacted in place of the (presumed) pre-judgment limitation of 1874 was the requirement that criminal defendants show good cause for removal "at a later time." Mr. Renteria acknowledged this requirement and expressly argued that he has "good cause for removal now based on the TCCA's very recent and novel ruling that Texas criminal courts lack jurisdiction to enforce the Equal Protection Clause after they set an execution date." Notice at 15.

"Congress is presumed to be aware of a[]…judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). The Act of July 30, 1977, left the substantive removal law for criminal cases intact but changed the procedural rules

6

to permit removal later in time than the pretrial-only interpretation in *Rachel*. Looking at both the unchanged substantive basis for removal in § 1433(1)—the defendant "is denied or cannot enforce … a right under any law providing for … equal civil rights"—and the new requirement to show good cause for removal after the earliest pretrial filings, one finds a meaning and purpose clearly applicable to this case.

Under the law applicable at the time of *Rachel*, federal courts had to find either an unlikely state law expressly forbidding equality of civil rights, or predict that state law would be so construed by the state's courts at a time when pretrial litigation had barely started much less been ruled upon by the highest state criminal courts. *See Williams v. State of Miss.*, 608 F.2d 1021, 1022 (5th Cir. 1979). The 1977 amendment allowed time for the state courts to decide for themselves whether to deny or enforce federal equality laws, as the TCCA did in this case. That gave the federal courts firmer ground—more consistent with comity and federalism—upon which to accept a removed case.

It is undeniable that the TCCA in this case conclusively decided (1) that Texas law did not require the trial court to consider Mr. Renteria's right to equality before the law when it took up the State's motion to set an execution date; (2) that the TCCA itself would not permit Mr. Renteria to argue for his right to equality before the law, and; (3) that the trial court lost jurisdiction to consider or enforce the denial of those rights after it rubberstamped the State's proposed order. Mr. Renteria had good cause for seeking removal when he did because those aspects of Texas law were only

7

revealed in this case and only became relevant at the time the State sought to execute the judgment. Thus, it was manifest and prejudicial error for this Court to give controlling effect to the Supreme Court's comment on a statutory revision that predated Congress's current text by over 100 years rather than apply the current law with a broad, plain meaning that is clearly applicable to this case.

### b. The Court Manifestly Erred in Construing the Basis for Removal under § 1443(1).

The Court's order of remand contains another statement that is either a manifest error or merely a hastily drafted, vague description of Mr. Renteria's Notice. Specifically, the order states that Mr. Renteria "claims he has the right of removal under § 1442(1) because the Texas Court of Criminal Appeals held an *ex parte* proceeding, violated his constitutional rights, and ordered the El Paso County District Court to rescind its order vacating his execution order."[3] Order at 1. Mr. Renteria has indeed made those allegations, and each of them is true. However, he asserts his right to remove this case in terms more closely hewn to the text of § 1443(1).

Section 1443(1) allows a criminal defendant to remove his state criminal case to federal court if he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." While it is true that the TCCA denied Mr. Renteria his constitutional rights, his notice of removal clearly states why he meets the statute's *second* condition: the TCCA held that the trial court, having reconsidered its execution order on equal

---

[3] The order also misstates the applicable statute, citing 28 U.S.C. § 1442(1). The correct citation is 28 U.S.C. § 1443(1).

8

protection grounds, had "'no freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment Rights[.]'" Notice at 2. That holding from the highest criminal court in Texas, reached through a process in which Mr. Renteria had no opportunity to argue for his rights under the Equal Protection Clause, "constitutes a final and 'formal expression of state law,' … barring Mr. Renteria from enforcing 'a right under any law providing for equal civil rights of citizens of the United States.'" *Id.* at 14 (quoting *Williams*, 608 F.2d at 1022).

Whether due to a misunderstanding or haste, the remand order overlooks Mr. Renteria's core allegation that the TCCA's holding that a Texas trial court may not "seek to safeguard" a defendant's rights under the Equal Protection Clause when the prosecution files a motion to execute the sentence. The Court thus does not acknowledge the alarming revelation that gave Mr. Renteria his right to removal, *i.e.*, that in Texas a trial court need not hear from a defendant when the State files a motion to set an execution date—even though (or because) a hearing could lead to the motion being denied—and after granting the motion *ex parte*, the trial court loses jurisdiction to hear about, much less remedy, a newly accrued equal protection violation. At the hearing previously scheduled for November 6, this Court should re-examine the Notice with a focus on Mr. Renteria's stated bases for removal.

### 4. The Court should afford Mr. Renteria an opportunity to respond to the State's motion to remand.

The Court's order of October 20 does not grant the State's motion to remand. Rather, the closing of this case pursuant to the October 20 order renders the State's motion moot. At the same time, Mr. Renteria had no opportunity to respond to the

9

State's motion because so little time passed between its filing and the Court's *sua sponte* decision to remand the case. Therefore, rather than respond exhaustively to each of the State's unadjudicated arguments, none of which are currently pending before the Court, Mr. Renteria respectfully requests that, should the Court grant the instant motion and re-open this case, he be allowed to rebut those arguments before the November 6 hearing.

**5. Request for Relief**

For all the foregoing reasons, Mr. Renteria respectfully requests that the Court (1) reconsider and vacate its order of October 20, 2023; (2) instruct the Clerk of Court to re-open this case; (3) re-set the evidentiary hearing on the merits of removal; and (4) re-issue the writ of habeas corpus ad prosequendum for Mr. Renteria's appearance at that hearing. Mr. Renteria further asks that he be allowed to respond to the State's motion to remand.

DATED: October 25, 2023.      Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

 */s/ Tivon Schardl* 
TIVON SCHARDL
Chief, Capital Habeas Unit
Tex. Bar No. 24127495
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3008 (tel.) / 512-499-1584 (fax)
tivon_schardl@fd.org

Attorneys for Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October 2023, I served the foregoing Defendant's Notice of Removal and Supporting Brief and all attachments thereto by uploading it to the Court's CM/ECF system:

Jay David Clendenin
Office of Attorney General of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548
(512) 463-1514
Fax: (512) 936-1280
Email: jay.clendenin@oag.texas.gov

                                          */s/ Tivon Schardl*
                                          Tivon Schardl