**FILED**

October 31, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____AQ_____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **v.** | § | **EP-23-CR-2080-FM** |
| | § | |
| **DAVID SANTIAGO RENTERIA.** | § | |

## MEMORANDUM OPINION AND ORDER

David Santiago Renteria, state prisoner number 0999460, moves the Court to reconsider and vacate its order of remand issued October 20, 2023. Mot., ECF No. 7. He claims the Court's order is based on manifest errors of law and fact. *Id.* at 1. Specifically, he alleges the Court erred in relying on "dicta" from *State of Ga. v. Rachel*, 384 U.S. 780 (1966), that he maintains was superseded by a law Congress enacted eleven years later, Pub. L. 95-78, § 3, July 30, 1977, 91 Stat. 321. *Id.* He further alleges the Court erred when it failed to address the Texas Court of Criminal Appeals' holdings that the state trial court did not have a "freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment rights" and it "may not 'seek to safeguard' a defendant's rights under the Equal Protection Clause when the prosecution files a motion to execute the sentence." *Id.* at 8–9. He argues removal "is clearly authorized at this time by Congress's amendments to 28 U.S.C. § 1455 . . . and is clearly necessary in a case where the State's highest criminal court has so thoroughly washed its hands of the Constitution's requirement of equal treatment under law." Renteria's Supp., ECF No. 8 at 2–3. He is scheduled for execution on November 16, 2023. His motion is denied for the following reasons.

## STANDARD OF REVIEW

District courts possess continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). "[A] motion for reconsideration . . . is a judicial creation not derived from statutes or rules." *United States v.*

*Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995). It serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Cf. Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (describing a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59) (citations omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—in other words, matters that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## BACKGROUND

On November 18, 2001, a five-year-old girl named Alexandra Flores disappeared from a Walmart store in El Paso, Texas. *Renteria v. Davis*, No. EP-15-CV-62-FM, 2019 WL 611439, at *1 (W.D. Tex. Feb. 12, 2019). She was last observed on surveillance videos walking out of the store with a man wearing cloths similar to those worn by Renteria earlier that day. *Id.* Her nude partially burned body was discovered in an alley sixteen miles from the Walmart the next day. *Id.* Her head was covered with a plastic bag with Renteria's palm print on it. *Id.* Her autopsy revealed she was manually strangled before she was set on fire. *Id.*

Under Texas Penal Code § 19.02(b)(1), "[a] person commits an offense [of murder] if the person . . . *intentionally or knowingly* causes the death of an individual . . ." Tex. Penal Code Ann. § 19.02 (West) (emphasis added). Texas Penal Code § 19.03(a) adds "[a] person commits [capital murder] if the person commits murder as defined under Section 19.02(b)(1) and . . . the person murders an individual under 10 years of age." Tex. Penal Code Ann. § 19.03 (West).

Renteria was arrested for the capital murder of Flores. *Id.* He "blamed a Barrio Azteca gang member—nicknamed 'Flaco'—and several other people for Flores' murder." *Renteria,* 2019 WL

2

611439, at *1. He maintained "he only lured Flores out of the Walmart and helped Flaco and the others burn and dispose of her body." *Id.* Hence, he suggested he did not intentionally or knowingly cause Flores' death—and therefore not guilty of capital murder.

Shortly before trial, Renteria moved for a continuance after the State disclosed the victim's mother was the former wife of a Barrio Azteca gang leader. *Id.* He claimed the late disclosure of this relationship prevented him from adequately investigating whether Flores' murder was gang-related, as he suggested in his December 3, 2001, statement to the police. *Id.* His motion was denied. *Id.* at *2.

"The State's trial theory was that [Renteria], who was a complete stranger to the victim, committed the offense alone. No evidence presented at trial (including the Wal–Mart surveillance videos) supported [Renteria's] claim in his . . . statement that others were involved in the offense." *Renteria v. State*, 206 S.W.3d 689, 694 n.2 (Tex. Crim. App. 2006).

Renteria did not raise a duress offense. *Renteria*, 2019 WL 611439, at *2. He was found guilty of capital murder and sentenced to death. *Id.* His judgment of guilt was affirmed, but his death sentence was reversed and remanded for a new punishment hearing by the Texas Court of Criminal Appeals. *Renteria v. State*, 206 S.W.3d 689, 710 (Tex. Crim. App. 2006). Following a second punishment hearing, he was again sentenced to death, and his sentence was affirmed by the Court of Criminal Appeals. *Renteria v. State*, No. AP-74,829, slip op. at 100 (Tex Crim. App. May 4, 2011) (not designated for publication). His three post-conviction applications for relief under Texas Code of Criminal Procedure Article 11.07 were either denied or dismissed. *Ex parte Renteria*, No. WR-65,627-01, -02, -03 (Tex. Crim. Ap. Dec. 17, 2014). His petition for a federal writ of habeas corpus was also denied. *Renteria v. Davis*, EP-15-CV-62-FM, 2019 WL 611439 (W.D. Tex., Feb 12, 2019) (not designated for publication). His motion for a certificate of

3

appealability and stay of the federal proceedings was denied by the Fifth Circuit Court of Appeals. *Renteria v. Davis*, 814 F. App'x 827 (5th Cir. May 21, 2020) (not designated for publication), *cert. denied*, *Renteria v. Lumpkin*, 141 S.Ct. 1412 (2021).

When the state trial judge entered an order scheduling his execution for November 16, 2023, Renteria filed a motion to reconsider and requested a hearing. *See* Renteria's Ex. B, ECF No. 2 at 7–9. He subsequently filed a motion to compel access to the district attorney's file, suspecting the district attorney possessed more evidence of the Barrio Azteca gang's purported involvement in Flores' murder. *Id.* In support of the motion to compel, he invoked Texas Code of Criminal Procedure article 39.14(a) and the Due Process and Equal Protection Clauses of the Constitution. *Id.* at 8.

After a hearing, the trial judge vacated the execution order and directed the district attorney to make his files available for inspection. She explained:

> [T]he Court finds the State granted habeas counsel for other similarly situated defendants access to its files upon counsel's request. Defendant has presented evidence showing that the State previously produced evidence relevant to his claims of lesser culpability but did so erratically and incompletely. The evidence further shows that the State first ignored, then summarily denied, Defendant's counsel's request for access to the files in this case. Since then, the State has delayed in offering varying, disproven, and inconsistent rationales for its decision. The parties' evidence and argument persuade the Court that Defendant has been treated as a class of one who has been denied access to discovery afforded to other similarly situated defendants. The State's disparate treatment of Defendant has been prejudicial to his ability to meet filing deadlines for a subsequent habeas application, an application of a stay of execution, and a clemency petition.

*Id.* at 8.

The district attorney brought a mandamus action in response to the trial court's orders. *See* Renteria's Ex. E, ECF No. 2 at 51–59. He alleged the trial judge's order vacating Renteria's execution order was in conflict with Texas Code of Criminal Procedure article 43.141 (specifying when a convicting court can "modify or withdraw the order of the court setting a date for

4

execution"). *Id.* at 55. He further alleged the order directing the inspection of the documents was unlawful because a trial court no longer had the jurisdiction over Renteria's case necessary to consider discovery requests. *Id.* at 55–56.

The Court of Criminal Appeals granted the mandamus petition. It reasoned the trial judge had no authority to vacate the execution order because:

> With no Article 11.071 or Chapter 64 pleadings before her, Respondent had no authority to vacate the Execution Order or order the District Clerk to withdraw the execution warrant. *See* TEX. CODE CRIM. PROC. art. 43.141(d); *In re State of Texas ex rel. Risinger*, No. WR-84,212-01 (Tex. Crim. App. Nov. 18, 2015) (not designated for publication); *In re Roach*, No. WR-41,168-08 (Tex. Crim. App. Jun. 17, 2008) (not designated for publication).

*In re State ex rel. Hicks*, No. WR-95,092-01, 2023 WL 6074482, at *2 (Tex. Crim. App. Sept. 18, 2023), *reh'g denied* (Oct. 26, 2023). It also granted relief on the challenge to the discovery orders:

> It is well settled that a trial court must derive its jurisdiction from either the Texas Constitution or legislative enactments. *See, e.g., Staley v. State*, 420 S.W.3d 785, 795 (Tex. Crim. App. 2013). When a conviction has been affirmed on appeal and mandate has issued, general jurisdiction is not restored in the trial court. *Id.* A trial court can obtain postconviction jurisdiction over a matter statutorily—for example, to set an execution date, conduct DNA testing, or determine whether an inmate is competent to be executed. *Id.* But the statutes bestowing jurisdiction over these matters also define the scope of that jurisdiction. *Id.* And even when a trial court has jurisdiction over a matter, it may lack authority to take a certain action. *Id.*

> By the time [the trial judge] issued the Discovery Orders, Renteria's conviction and sentence had been affirmed on direct appeal, and this Court's mandate had issued. Therefore, the trial court did not have general jurisdiction over Renteria's case. Further, all of Renteria's prior 11.071 applications had been disposed of, and Respondent had no 11.071 or Chapter 64 pleadings before her. Therefore, the trial court did not have jurisdiction stemming from postconviction habeas proceedings or proceedings relating to forensic DNA testing.

> . . . .

> [W]e have never construed Article 39.14(a) to give district courts continuing jurisdiction to entertain discovery requests in the absence of an active case or pleading. Indeed, on its face, Article 39.14(a) presupposes some "action." *See* TEX. CODE CRIM. PROC. art. 39.14(a) (referring to "evidence material to any matter involved in the *action*") (emphasis added).

> [The trial judge's] August 29 order suggests that, in [her] view, issuing the
> Discovery Orders was necessary to safeguard Renteria's Fourteenth Amendment
> rights to equal protection and due process. But the Fourteenth Amendment is a
> source of individual rights, not a source of state-court jurisdiction. *See, e.g., Staley,*
> 420 S.W.3d at 795 ("A trial court must derive its jurisdiction from either the *Texas*
> Constitution or legislative enactments.") (emphasis added); *State v. Holloway,* 360
> S.W.3d 480, 485 (Tex. Crim. App. 2012) (same). Without a pleading before her
> invoking a legitimate source of district-court jurisdiction, [the trial judge] had no
> freewheeling jurisdiction to seek to safeguard Renteria's Fourteenth Amendment
> rights.

*Id.* at *2–3. Accordingly, the Court of Criminal Appeals ordered the trial judge to rescind her

orders vacating the execution order and directing the district attorney to make his files available to

Renteria because she overstepped her authority. *Id.* at *3.

   Renteria then provided notice, pursuant to 18 U.S.C. §§ 1443(1) and 1455, of the removal

of his criminal case, *State v. Renteria,* Cause No. 20020D00230 in the 327th District Court of El

Paso County, Texas, to the United States District Court for the Western District of Texas. Renteria

Notice, ECF No. 1. He claimed he had successfully litigated two claims under the Equal Protection

Clause of the Fourteenth Amendment and obtained trial court orders vacating his execution and

directing the district attorney to make his files available for inspection. *Id.* at 1. Then he asserted

a right of removal because the Court of Criminal Appeals subsequently ordered the trial court to

rescind its orders. *Id.* at 15.

   The Court remanded the case back to state court. Order, ECF No. 6. It noted Renteria had

been tried and convicted for capital murder, exhausted his direct appeals, and failed to obtain

habeas relief from the state or federal courts. *Id.* at 2. It added " 'Congress eliminated post-

judgment removal when it enacted [section] 641 of the Revised Statutes of 1874.' " *Id.* (quoting

*State of Ga. v. Rachel,* 384 U.S. 780, 795 (1966)).

Renteria moved the Court to reconsider and vacate its order. Renteria's Mot., ECF No. 7.

He reasoned the statement in *Rachel* was " 'a mere "judicial comment made during the course of

delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore

not precedential.' " *Id.* at 4 n.1 (quoting *In re Hearn*, 376 F.3d 447, 453 (5th Cir.), *decision clarified*

*on denial of reh'g*, 389 F.3d 122 (5th Cir. 2004)). He also noted the *Rachel* Court referred to the

removal statute that existed in 1966, not the statute enacted in 1977 and now codified in 28 U.S.C.

§ 1455(b)(1) which was applicable to his case. *Id.* at 5.

## ANALYSIS

### A.  28 U.S.C. §§ 1441–1455, Removal of Cases from State Courts

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by

statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144,

151 (5th Cir. 1998). "Subject-matter limitations on federal jurisdiction serve institutional interests.

They keep the federal courts within the bounds the Constitution and Congress have prescribed.

Accordingly, subject-matter delineations must be policed by the courts on their own initiative even

at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

Congress permits a party to remove a state court action to a federal court—and a federal

court to exercise jurisdiction—in limited circumstances pursuant to the federal removal statutes

found at 28 U.S.C. §§ 1441–1455. Under the general removal statute, 28 U.S.C. § 1441, Congress

allows a party to remove a civil action so long as the federal court has original jurisdiction over

the claims. 28 U.S.C. § 1441(a). In subsequent sections of the removal statutes (§§ 1442–1445),

Congress carves out exceptions to § 1441 which both expand and restrict the general right of

removal. The only exceptions these statutes make for removing criminal cases are those brought

in state court against (1) officers, agencies, or agents of the United States (§ 1442), (2) members

of the armed forces (§ 1442a), or (3) defendants when a state court refuses (or is unable) to enforce their federal (race-based) civil rights (§ 1443). Congress also provides procedures for removing both civil (§ 1446) and criminal actions (§ 1455). Generally, however, Congress limits removal jurisdiction, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

### B. 28 U.S.C. § 1455, Procedure for Removal of Criminal Prosecutions

Section 1455 states "[a] notice of removal of a *criminal prosecution* shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1) (emphasis added). Section 1455's legislative history does not suggest Congress intended to either overrule the alleged dicta in *Rachel* or to permit post-judgment removal in state criminal cases when it adopted the 1977 statute or the more recent codification. Its legislative history suggests the ordinary requirement of filing a notice of removal within 10 days after arraignment [later expanded to 30 days] was to avoid last-minute delays in criminal proceedings and other abuses in the removal process:

> Professor LAFAVE. The problem as it was related to us by those judges who said they were being deluged by removal petitions was that the chances of a case really fitting the *Georgia v. Rachel* definition are very slight, given that is the narrow way in which the Supreme Court has interpreted the statute.

> The chances of a case arising that fits that description are few. The difficulty is that it is not too hard to put together a petition that appears to present that kind of problem, and therefore there has been a need for hearings and, of course, the matter can be appealed if there is a remand to the State court. There has been very substantial abuse of the removal process in some parts of the country.

> Mr. GUDGER. Does the new rule contemplate that you must exercise the right within 10 days of arraignment, State court arraignment, just as you would have

8

to assert a right ordinarily within 10 days of Federal court arraignment if you were striking at any of your criminal pretrial motions in the federal court ?

Professor LAFAVE. That is correct. As I indicated in the statement I submitted, we think that the requirement that ordinarily—and there is the good cause exception—the requirement that ordinarily this be (lone not later than 10 days after arraignment is sound. It is another expression of the general policy that appears in Federal Rule 12, as amended just recently by the Congress, and is consistent with the better State procedure . . . of having matters that can be determined in advance of trial fairly raised in advance of trial in order to get them determined so the trial is not delayed.

*Proposed Amendments to the Federal Rules of Criminal Procedure Before the H. Subcommittee on Criminal Justice of the H. Comm. of the Judiciary*, 95th Cong. 103 (1977) (statement of Professor Wayne LaFave, University of Illinois College of Law). Section 1455 requires a district court to promptly examine a notice of removal. 28 U.S.C. § 1455(b)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* Section 1455 also provides "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.* § 1455(b)(3).

"Removal is simply not possible after a final judgment and the time for direct appellate review has run." *Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011); *see also Matter of Meyerland Co.*, 910 F.2d 1257, 1266 (5th Cir. 1990) (Higginbotham, J., concurring in part and dissenting in part), *same result reached on reh'g en banc*, 960 F.2d 512 (5th Cir. 1992) ("It is of course plain that no case may be removed once the state appellate process has been exhausted."); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770,

774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."); *Jackson v. Am. Sav. Mortgage Corp.*, 924 F.2d 195, 198 n.8 (11th Cir. 1991) ("We need not here address a district court's authority to [modify or dissolve a state court injunction] where a party's opportunities for relief from the state court judgment are exhausted, either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment. In such a situation, removal itself may be improper.").

Renteria was indicted on January 23, 2002. *See* El Paso County, Criminal Case Records Search, Register of Actions, https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx? (search for Case No. 20020D00230, last visited October 27, 2023). He filed his notice of removal nearly twenty-two years later on October 18, 2023—well after he was tried and convicted for capital murder, exhausted his direct appeals, failed to obtain habeas relief from the state or federal courts, and received a notice of his execution. *See Renteria v. State*, 206 S.W.3d 689 (Tex. Crim. App. 2006); *Ex parte Renteria*, No. WR-65,627-01, 2014 WL 7191058 (Tex. Crim. App. Dec. 17, 2014); *Renteria v. Davis*, No. EP-15-CV-62-FM, 2019 WL 611439 (W.D. Tex. Feb. 12, 2019); *Renteria v. Davis*, 814 F. App'x 827 (5th Cir. 2020); *Renteria v. Lumpkin*, 141 S. Ct. 1412 (2021).

"Critically, [§ 1455(b)(1)] refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in a federal, rather than state, court. That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court." *Miller v. Louisiana*, No. CV 18-14251, 2019 WL 1293273, at *2 (E.D. La. Mar. 1, 2019), *report and recommendation adopted*, No. CV 18-14251,

2019 WL 1277522 (E.D. La. Mar. 20, 2019). "[T]he statute clearly does not contemplate removal of a case after conviction." *Id.* (citing 8A Fed. Proc, L.Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.")); *see also Barber v. Vance*, No. 3:16-CV-2105-AC, 2019 WL 267874, at *2 (D. Or. Jan. 18, 2019) ("his criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed"); *New Hampshire v. Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), *adopted*, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[ ]' to federal district court in the district 'within which such prosecution is pending.' "); *Colombo v. Cty. of Suffolk*, 2010 WL 1459196, at *1 (E.D.N.Y. April 8, 2010) ("as Plaintiff entered her guilty plea over twenty (20) years earlier, the underlying criminal prosecution had concluded, and there was no action to remove"). Section 1455 does not permit post-prosecution removal of Renteria's criminal case.

While  28 U.S.C. § 1455 provides procedures for removing criminal actions, it "does not provide criminal defendants with a separate right to remove their cases from state court." *Kruebbe v. Beevers*, 692 F. App'x 173, 176 (5th Cir. 2017). Other statutes, including 28 U.S.C. § 1443, specify the substantive requirements. *Id.*

### C. 28 U.S.C. § 1443, Civil Rights Cases

"Pursuant to 28 U.S.C. § 1443(1), a 'criminal prosecution[ ] commenced in a State court may be removed by the defendant to the district court of the United States' if the prosecution is '[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.' " *Kruebbe*, 692 F. App'x at 175. Section 1443 "was enacted in the Civil

11

Rights Act of 1866 under the authority of the Thirteenth Amendment" and was therefore "limited to racially based claims of inequality." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 622 (1979). If the defendant does "not allege that he was denied or unable to enforce rights under any law providing for equal civil rights *stated in terms of racial equality*," § 1443(1) does not apply to his criminal prosecution. *Kruebbe*, 692 F. App'x at 175–76 (emphasis added). Consequently, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Peacock*, 384 U.S. at 828.

The Supreme Court established a two-part test for § 1443(1) removal petitions in *Johnson v. Mississippi*, 421 U.S. 213 (1975). "The defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson*, 421 U.S. at 219). The first prong of the *Johnson* test requires a showing that the "civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). Consequently, a broad contention of disparate treatment under the Equal Protection Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443 because the Clause "is essentially a direction that all persons similarly

situated should be treated alike." *Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)); *Rachel*, 384 U.S. at 792. The second prong of the *Johnson* test "normally requires that the 'denial be manifest in a formal expression of state law' . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.' " *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 799, 803). "This requirement serve[s] two ends. It ensure[s] that removal [will] be available only in cases where the predicted denial appear[s] with relative clarity prior to trial. It also ensure[s] that the task of prediction [will] not involve a detailed analysis by a federal judge of the likely disposition of particular federal claims by particular state courts." *Rachel*, 384 U.S. at 803. "Except in the unusual case where 'an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court,' it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219–20 (quoting *Rachel*, 384 U.S. at 804).

Renteria fails the first prong of the *Johnson* test. Since "[r]emoval pursuant to 28 U.S.C. § 1443 applies only to rights that are stated in terms of racial equality and not to generally applicable constitutional rights," Renteria's allegations—which do not allege a deprivation of racial equality and do not implicate the denial or enforcement of his civil rights under a statute protecting racial equality—are insufficient to warrant removal under § 1443. *Savvy Ventures, L.L.C. v. Robinson*, No. 22-40699, 2023 WL 4501811, at *1 (5th Cir. July 12, 2023) (citing *Rachel*, 384 U.S. at 791).

Renteria also fails the second prong of the *Johnson* test. He may be dissatisfied with a ruling by the Court of Criminal Appeals, but he fails to identify a formal expression of state law

13

which will cause the state courts to deprive him of the protection of his federal constitutional or statutory rights.

Consequently, Renteria cannot state a valid ground for removal of his criminal proceedings based upon 28 U.S.C. § 1443(1).

## CONCLUSION

Renteria has not shown the Court's order was based on manifest errors of law and fact. Accordingly, Renteria's "Motion to Reconsider and Vacate Order of Remand" (ECF No. 7) is **DENIED**.

**SIGNED** this 31st day of October 2023.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**